UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAT'S CAJUN SEAFOOD | CIVIL ACTION |
| VERSUS | NO: 19-10698 |
| UNITED STATES OF AMERICA THROUGH DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, RETAILER OPERATIONS DIVISION | SECTION: T |

## ORDER

Before the Court is a Motion for Preliminary Injunction and Expedited Hearing[1] filed by Dat's Cajun Seafood ("Plaintiff"). The United States has filed a response.[2] For the following reasons, the for Motion for Preliminary Injunction and Expedited Hearing is **DENIED.**

## FACTUAL AND PROCEDURAL BACKGROUND

This matter involves Plaintiff's claim for alleged improper disqualification from the Supplemental Nutrition Assistance Program ("SNAP").[3] On September 7, 2018, the United States Department of Agriculture, Food and Nutrition Service ("FNS") sent a letter stating that Plaintiff was required to apply for reauthorization to accept SNAP benefits.[4] Plaintiff responded by sending some information, but FNS sent follow-up letters on September 26, 2018[5] and October 10, 2018[6] requesting additional documentation to verify the information submitted. On October 22, 2018, FNS notified Plaintiff that its authorization to participate in the SNAP program was withdrawn because Plaintiff failed to timely provide the information requested, and that Plaintiff could reapply online at any time.[7]

---

[1] R. Doc. 2.
[2] R. Doc. 16.
[3] R. Doc. 1.
[4] R. Doc. 16-1.
[5] R. Doc. 16-2.
[6] R. Doc. 16-3.
[7] R. Doc. 1-2.

1

On October 24, 2018, Plaintiff sent a letter requesting FNS to reconsider its application to continue accepting SNAP benefits,[8] and subsequently applied for review of FNS's decision.[9] Plaintiff was authorized to accept SNAP benefits while Plaintiff's case was being reviewed.[10] After reviewing Plaintiff's application, FNS issued its final decision on April 23, 2019, finding Plaintiff was not eligible to accept SNAP benefits because Plaintiff failed to provide the required information by the deadline.[11]

On May 28, 2019, Plaintiff filed its complaint and a motion for preliminary injunction seeking to "enjoin the Administrative Review Officer determination and specifically enjoining the Defendant, its agents, servants, employees and representatives, from removing Plaintiff's authorization."[12] Plaintiff asserts that it is entitled to a preliminary injunction because it will suffer irreparable harm as 70% of Plaintiff's income is received through SNAP.[13]

## **LAW AND ANALYSIS**

Federal Rule of Civil Procedure 65 governs requests for preliminary injunctions. The law is well settled that issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion."[14] An injunction is to be the exception, not the rule.[15] In order for Plaintiff to obtain a preliminary injunction, it must show: (1) a substantial likelihood that its cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the

---

[8] R. Doc. 1-3.
[9] R. Doc. 16-4.
[10] R. Doc. 16-4.
[11] R. Doc. 1-4.
[12] R. Doc. 2.
[13] R. Doc. 2, ¶2.
[14] *White v. Carlucci,* 862 F.2d 1209, 1211 (5th Cir.1989).
[15] *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir.1985).

court granting the injunction will not disserve the public interest.[16] Irreparable injury is harm that "cannot be undone through monetary damages."[17]

The Court finds that the Motion for Preliminary Injunction and Expedited Hearing[18] can be disposed of without an evidentiary hearing. Plaintiff has failed to show a substantial likelihood of success on the merits. Although Plaintiff's motion discusses the injury Plaintiff may suffer,[19] the motion fails to offer evidence to support that FNS improperly denied Plaintiff's request for reauthorization to accept SNAP benefits. On the contrary, the evidence submitted by both Plaintiff and the United States demonstrates that Plaintiff received numerous requests for additional information to allow FNS to determine whether Plaintiff was eligible for SNAP, but that Plaintiff failed to submit the requested documentation. Without evidence that FNS should have granted Plaintiff's request for reauthorization, Plaintiff fails to establish a substantial likelihood of success on the merits warranting the issuance of a preliminary injunction.

Plaintiff also fails to demonstrate a substantial threat of irreparable injury if the injunction is not granted. The only injury Plaintiff alleges it may suffer is monetary harm. Specifically, Plaintiff contends it may lose 70% of its income if the Court does not grant the preliminary injunction.[20] Because there is "no irreparable injury where money damages would adequately compensate a plaintiff,"[21] Plaintiff's potential monetary loss is insufficient to show a substantial threat of irreparable injury. Plaintiff does not specify any injury it may suffer other

---

[16] *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir.1981).
[17] *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir.1981); *Allied Marketing Group, Inc. v. CDL Marketing, Inc.,* 878 F.2d 806, 810 fn. 1 (5th Cir.1989).
[18] R. Doc. 2.
[19] R. Doc. 2, ¶2.
[20] R. Doc. 2, ¶2.
[21] *DFW Metro Line Serv. v. Southwestern Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir.1990); *see also Deerfield Medical Center v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir.1981) ("An injury is 'irreparable' only if it cannot be undone through monetary remedies.").

than monetary harm. Plaintiff has, therefore, failed to meet its burden of showing a substantial threat of irreparable injury.

## **CONCLUSION**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction and Expedited Hearing[22] is **DENIED**.

**New Orleans, Louisiana**, on this 22nd day of August, 2019.

								_____
								**GREG GERARD GUIDRY**
								**UNITED STATES DISTRICT JUDGE**

---

[22] R. Doc. 2.

4